PRICE MEESE SHULMAN & D'ARMINIO, P.C.
50 Tice Boulevard, Suite 380
Woodcliff Lake, NJ 07677
Tel. (201) 391-3737
Fax (201) 391-9360
Rick A. Steinberg, Esq.
rsteinberg@pricemeese.com

Attorneys for Plaintiff,
Hapag-Lloyd (America), LLC, as agent for
Hapag-Lloyd Aktiengesellschaft, Hamburg

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HAPAG-LLOYD (AMERICA), LLC, as agent for HAPAG-LLOYD AKTIENGESELLSCHAFT, HAMBURG,<br><br>Plaintiff,<br><br>vs.<br><br>ORLY INDUSTRY, INC.,<br>JACQUES TORKIEH a/k/a JACOB TORKIEH and<br>MARLEEN LEVY,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br><br><br>**COMPLAINT**<br>**IN ADMIRALTY** |

Plaintiff, Hapag-Lloyd (America), LLC, as agent for Hapag-Lloyd Aktiengesellschaft, Hamburg ("Plaintiff" or "Hapag-Lloyd"), having an office in the United States at 399 Hoes Lane, #101, Piscataway, New Jersey 08854, by its attorneys, Price Meese Shulman & D'Arminio, P.C., by way of Complaint against Defendants, Orly Industry, Inc. ("Orly"), Jacques Torkieh a/k/a Jacob Torkieh ("Torkieh") and Marleen Levy ("Levy") (together, "Defendants"), having their principal place of business at 255 Fabyan Place, Newark, New Jersey 07112 avers as follows:

1

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1333. This matter arises under the laws of the United States, in particular, The Shipping Act of 1984 (as amended), 46 U.S.C. § 40101 et seq. (hereinafter "the Shipping Act"), and involves contract(s) within the jurisdiction of this Court or claims pendent or ancillary to the same. This is an admiralty and maritime claim.

## BACKGROUND FACTS

2. Hapag-Lloyd provided shipping services to Defendants' company, Orly, which failed to make payment for same. Defendants, Torkieh and Levy, are not only doing business as Orly, but the New Jersey Secretary of State's records confirm that the shipments were all undertaken while the debtor corporation was suspended and not protected by a valid corporate charter. Torkieh and Levy are the proprietors of an entity that was unincorporated at the time the shipments were made, as well as through the current date. As such, they are individually liable. A copy of the New Jersey Secretary of State report is attached hereto as Exhibit "A."

## FIRST COUNT
(For Money due Under Tariff & Service Contracts)

3. Hapag-Lloyd is a common carrier by water, *inter alia*, in the interstate and foreign commerce of the United States as defined in the Shipping Act and was such a common carrier for the benefit of Defendants.

4. Defendants are and were at all times herein mentioned, a natural person, firm, association, organization, partnership, corporation, business, trust, or public entity, with its principal place of business or residence in this district and are and were a legal entity capable of being sued.

5. Venue is proper in this judicial district because it is where the claim arose and/or because Defendants reside or do business in the district.

6. Hapag-Lloyd has filed a schedule of its rates and charges and service contracts for the carriage of cargo, wharfage and dockage detention and demurrage with the Federal Maritime Commission or has otherwise maintained said rates, charges, tariffs or service contracts pursuant to the Shipping Act. Pursuant to the Shipping Act, Hapag-Lloyd is prohibited from transporting cargo for a lesser rate than that specified in its tariffs or service contracts. The Shipping Act also prohibits Defendant from obtaining transportation or attempting to obtain transportation of cargo at lesser rates.

7. Hapag-Lloyd transported cargo for the benefit of Defendants during 2019-2020 in the foreign commerce of the United States in the course and scope of Defendants' operations. Such transportation and services provided are evidenced by Hapag-Lloyd's service contracts, bills of lading and/or freight bills, invoices, credit agreements and freight guarantees, the terms of which are incorporated herein through this reference. Hapag-Lloyd has fully performed its tariff obligations. A summary statement of account of the relevant bills of lading and invoices are attached hereto as Exhibit "B" and made a part hereof.

8. Hapag-Lloyd has demanded that Defendants pay the full amount due of $72,129.43.

9. Defendants have knowingly and willfully failed and refused to pay Hapag-Lloyd the full amount due.

10. Consequently, Defendants are liable to Hapag-Lloyd in the amount of $72,129.43, plus reasonable attorney fees and interest thereon.

## SECOND COUNT
**(Breach of Written Contract)**

11. Hapag-Lloyd restates and re-alleges the allegations contained in paragraphs 1 through 10 of the Complaint as if fully set forth herein.

12. Said transportation was performed pursuant to written contract(s) of carriage and/or service contracts between Hapag-Lloyd and Defendants, as evidenced by said bills of lading and/or invoices listed in Exhibit "B."

13. Hapag-Lloyd has fully performed its obligations under said contracts except those obligations, if any, which Hapag-Lloyd was excused from performing.

14. Hapag-Lloyd has demanded that Defendants pay the amount due under said contracts and the Defendants have refused to pay thereon.

15. Consequently, Defendants are liable to Hapag-Lloyd in the amount of $72,129.43, plus reasonable attorney fees and interest thereon.

### THIRD COUNT
### (Unjust Enrichment)

16. Hapag-Lloyd restates and re-alleges the allegations contained in paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Defendants have been unjustly enriched by failing to pay the ocean freight, demurrage and/or detention charges in an amount not less than $72,129.43.

### FOURTH COUNT
### (Quantum Meruit)

18. Hapag-Lloyd restates and re-alleges the allegations contained in paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. The fair value of the ocean cargo carriage and/or detention and/or demurrage services provided by Hapag-Lloyd to Defendants is not less than $72,129.43.

### FIFTH COUNT
### (Account Stated)

20. Hapag-Lloyd restates and re-alleges the allegations contained in paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. Hapag-Lloyd issued the subject bills of lading on behalf of Defendants as shipper or consignee as evidenced by said bills of lading and/or invoices listed in Exhibit "B."

22. Based on the account stated, Hapag-Lloyd has been damaged in an amount not less than $72,129.43.

## SIXTH COUNT
### (Attorney Fees)

23. Hapag-Lloyd restates and re-alleges the allegations contained in paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Based on the contract of carriage, Defendants are liable to Hapag-Lloyd for reasonable attorney fees and expenses incurred in collecting any sums due to Hapag-Lloyd.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount not less than $72,129.43, plus interest, court costs, attorney fees and such other relief as the court deems just and equitable.

>PRICE MEESE SHULMAN & D'ARMINIO, P.C.
>Attorneys for Plaintiff,
>Hapag-Lloyd (America), LLC, as agent for
>Hapag-Lloyd Aktiengesellschaft, Hamburg

By:  /s/ Rick A. Steinberg
     Rick A. Steinberg

Dated: March 3, 2021

## CERTIFICATION PURSUANT TO DNJ LOCAL CIVIL RULE 11.2

I certify that the matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding now or contemplated, and that no other parties should be joined in this action.

By:  /s/ Rick A. Steinberg

                                                            Rick A. Steinberg

Dated: March 3, 2021