# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HAPAG-LLOYD (AMERICA), LLC,** | **Civil Action No. 21-3936 (JXN)** |
| **Plaintiff,** | **OPINION AND ORDER** |
| **v.** | |
| **ORLY INDUSTRY, INC., et al.,** | |
| **Defendants.** | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Hapag-Lloyd (America), LLC ("Hapag-Lloyd" or "Plaintiff") to dismiss the Counterclaim asserted by Defendants Orly Industry ("Orly"), Jacques Torkieh and Marleen Levy (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 9. Defendants oppose Plaintiff's motion and request leave to file an Amended Counterclaim. *See* Dkt. No. 12. Plaintiff opposes Defendants' request for leave to amend. *See* Dkt. No. 14. For the reasons set forth below, Defendants' request for leave to amend [Dkt. No. 12][1] is **GRANTED** and Plaintiff's motion to dismiss [Dkt. No. 9] is **DENIED**.

## I.    BACKGROUND[2]

This matter arises out of claims in admiralty involving an alleged breach of service contracts for the shipment of goods. Plaintiff is a common carrier by water for the transport of goods in interstate and foreign commerce. Dkt. No. 1, Complaint at ¶ 3. In 2019 and 2020, Plaintiff

---

[1] Although Defendants did not file a formal cross-motion seeking leave to amend, in their opposition to Plaintiff's motion to dismiss, Defendants request that in the event the Court "finds the Counterclaim as pleaded to be deficient, the Court should allow [Defendants] to replead." Dkt. No. 12 at p. 9.

[2] The parties' pleadings provide very little detail regarding the factual basis of their claims. *See* Dkt. Nos. 1, 6.

provided Defendants with shipping services. *Id.* at ¶ 7. Plaintiff's Complaint, which was filed on March 3, 2021, alleges that Defendants failed to compensate Plaintiff for the shipment of its goods and seeks payment for the shipping services Plaintiff provided.

Defendants filed their Answer and Counterclaim on April 15, 2021. *See* Dkt. No. 6, Answer. According to Defendants' Counterclaim, Defendants contracted with Plaintiffs to transport shipments of goods to a port in India.[3] Dkt. No. 6, Counterclaim at ¶ 33. Defendants claim that "while the shipment was in transit . . . [Defendants] instructed [Plaintiff] to change the final destination from India to Karachi, Pakistan." *Id.* However, Defendants allege that Plaintiff "failed to properly direct [Defendants'] goods, and it delivered them to the India location." *Id.* at ¶ 34. Based on Plaintiff's alleged failure to "forward" Defendants' goods to Pakistan, Defendants claim Plaintiff breached the parties' agreement to ship Defendants' goods to Pakistan resulting in injury to Defendants in excess of $100,000. *Id.* at ¶ 35-37.

In response to Defendants' Counterclaim, Plaintiff filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). According to Plaintiff, Defendants' Counterclaim is governed by the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 ("COGSA"), which is the exclusive remedy for claims arising from the carriage of goods by sea. In its motion to dismiss, Plaintiff argues that Defendants' Counterclaim is deficient under COGSA in two respects. First, Plaintiff contends that "because any recovery under COGSA requires that a party specify the bills of lading for the goods in question," and Defendants' Counterclaim fails "to make any mention of the relevant [B]ills of [L]ading," Defendants have failed to state a claim under COGSA. Dkt. No. 9-1 at p. 8. Secondly, Plaintiff argues that Defendants' Counterclaim is time-

---

[3] According to the bills of lading attached to Plaintiff's motion to dismiss (collectively the "Bills of Lading"), Plaintiff transported shipments of used tires for Defendants. *See* Dkt. No. 9 at Ex. C.

barred because Defendants failed to "commence an action in the form of the Counterclaim" until after the expiration of COGSA's one-year statute of limitations. *Id.* at p. 7.

In opposition to Plaintiff's motion, as to Plaintiff's argument that Defendants' Counterclaim fails because it does not reference the Bills of Lading, Defendants claim that because the Bills of Lading were identified in the Complaint, they "were before the Court" and there was "no need to duplicate" them in the Counterclaim. Dkt. No. 12 p. 8. Despite Defendants' argument that they were not required to reference the relevant Bills of Lading in the Counterclaim, Defendants request that in the event the "Court finds that Defendants should have attached the [B]ills of [L]ading . . . or otherwise finds the Counterclaim as pleaded to be deficient," that the Court permit Defendants to amend their Counterclaim to cure those deficiencies. *Id.* at p. 9. With respect to Plaintiff's assertion that Defendants' claim is time-barred, Defendants contend that COGSA's one-year statute of limitations is only implicated when goods are lost or damaged and have reached their port of final destination. *Id.* at p. 3-4. Because the goods at issue in this matter were not lost or damaged and have not reached their port of final destination, Defendants argue COGSA's one-year statute of limitations does not apply. *Id.*

## II.   LEGAL STANDARD

"In evaluating the sufficiency of counterclaims, the Court employs the familiar Rule 12(b)(6) standard." *In re Invs. Warranty of Am., Inc. v. B.W.E. Dev., L.L.C.*, Civ. A. No. 09-4490, 2010 WL 2557559, at *2 (D.N.J. June 23, 2010). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips v. Cty. Of Allegheny*, 515 F.3d at 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 548, 127 S.Ct. 1955 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Id.* at 679, 129 S.Ct. 1937. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678, 129 S.Ct. 1937. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670, 129 S.Ct. 1937.

While, as a general rule, courts may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220).

## III. DISCUSSION

"COGSA regulates the carriage of goods by sea between U.S. and foreign ports." *Daewoo Int'l Corp. v. Sea-Land Orient Ltd.*, 196 F.3d 481, 484 (3d Cir. 1999) (citation omitted). "COGSA applies from 'tackle to tackle,' meaning 'the period of time when the goods are loaded on to the time when they are discharged from the ship.'" *M3 Midstream LLC v. S. Jersey Port Corp.*, 1 F. Supp. 3d 289, 294 (D.N.J. 2014) (quoting 46 U.S.C. § 1301(e))[3]; *SPM Corp. v. M/V*

*Ming Moon*, 965 F.2d 1297, 1300 (3d Cir. 1992). The statute governs "all contracts for carriage of goods by sea to or from ports of the United States in foreign trade." 46 U.S.C. § 30701 (Note § 13). Therefore, "COGSA applies by its terms to the bill of lading . . . because it is a contract for the carriage of goods between a foreign port and a port of the United States." *Barretto Peat, Inc. v. Luis Ayala Colon Sucrs., Inc.*, 896 F.2d 656, 659 (1st Cir. 1990); *see also Ferrostaal, Inc. v. M/V Sea Phx.*, 447 F.3d 212, 218 (3d Cir. 2006) ("COGSA went further, making itself applicable to 'every bill of lading . . . which is evidence of a contract for the carriage of goods by sea to or from ports of the United States, in foreign trade.'") (quoting 46 U.S.C. § 30701); *EAC Timberlane v. Pisces, Ltd.*, 745 F.2d 715 (1st Cir. 1984).

"When COGSA limits liability, it preempts state law, even if the claims are phrased as common law causes of action." *Alpina Ins. Co. v. Trans Am. Trucking Serv.*, Civ. A. No. 03-740, 2004 WL 1673310, at *4, 2004 U.S. Dist. LEXIS 14264, at *12 (S.D.N.Y. July 28, 2004); *Junior Gallery v. Neptune Orient Lines*, Civ. A. No. 94-4518, 1998 WL 770558 at *4, 1998 U.S. Dist. LEXIS 17354 at *12 (S.D.N.Y. Nov. 3, 1998) ("The application of COGSA cannot be circumvented merely by construing claims arising out of the carriage of goods by sea as common law causes of action.").

Plaintiff issued Defendants the Bills of Lading to transport its cargo of used tires. COGSA governs these Bills of Lading because they are contracts for carriage of goods from ports in the United States to various ports in India. *See Norfolk N. Ry. Co. v. Kirby,* 543 U.S. 14, 29, 125 S.Ct. 385, 160 L.Ed.2d 283 (2004) ("COGSA governs bills of lading for the carriage of goods from the time when the goods are loaded on to the time when they are discharged from the ship.") (quotation omitted). Because the dispute between Plaintiff and Defendants involves the shipment of goods by

sea from the United States to foreign ports, COGSA applies to the shipments at issue that are the subject of the Bills of Lading.

Having determined that COGSA applies to Defendants' Counterclaim, the Court now turns to Plaintiff's arguments that Defendants' Counterclaim should be dismissed because it fails to reference the Bills of Lading and is time-barred.

The Court first addresses Plaintiff's contention that the Counterclaim is deficient under COGSA because it fails to identify the Bills of Lading. A claim for damaged cargo[4] under COGSA "must allege facts supporting two elements: 1) the plaintiff delivered the cargo to the carrier in good condition; and 2) the carrier delivered the cargo to its owner or consignee in damaged condition." *Timbauba Agricola S.A. v. M/V CAP SAN RAPHAEL*, No. 03-CV-5012, 2004 WL 2755541, at *2 (E.D. Pa. Dec. 2, 2004) (citing *Daewoo Int'l (Am.) Corp. v. Sea–Land Orient Ltd.,* 196 F.3d 481, 484 (3d Cir. 1999)). "A bill of lading serves as prima facie evidence that the carrier received the cargo from the shipper in good condition." *Id.* "Because evidence of a bill of lading is essential to making a COGSA claim, district courts have required plaintiffs to specifically identify *every* relevant bill of lading in their complaints, even when a single carrier issues each of the bills of lading for cargo shipped on a voyage." *Timbauba Agricola*, 2004 WL 2755541, at *2.

---

[4] COGSA also applies to the non-delivery of goods. *See Saray Dokum Ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics, Inc.*, Civ. A. No. 17-7495, 2021 WL 1199470, at *15, 2021 U.S. Dist. LEXIS 61291, at *43-44 (S.D.N.Y. Mar. 30, 2021) ("COGSA clearly applies to the non-delivery of goods . . . ."); *N.Y. Marine & Gen. Ins. Co. v. S/S Ming Prosperity*, 920 F. Supp. 416, 422 (S.D.N.Y. 1996) (assessing a COGSA claim for the non-delivery of goods); *Mitsui Sumitomo Ins. Co. v. Total Terminals Int'l, LLC*, Civ. A. No. 03-7077, 2004 U.S. Dist. LEXIS 27127, at *33-34 (C.D. Cal. Nov. 8, 2004) ("A *prima facie* case for loss under COGSA is established by showing that the COGSA defendants received the goods in apparent good order and condition and that they delivered the goods in a damaged condition or failed to deliver them at all.") (citing *In Re Damodar Bulk Carriers, Ltd.*, 903 F.2d 675 (9th Cir. 1990); *Daido Line v. Thomas P. Gonzalez Corp.*, 299 F.2d 669, 671 (9th Cir. 1962)).

Plaintiff is indeed correct that Defendants' Counterclaim makes no reference to the Bills of Lading. Accordingly, because evidence of a bill of lading is essential to a COGSA claim, the Court finds that Defendants' Counterclaim fails to state a claim under COGSA.

Defendants, in response to Plaintiff's motion to dismiss, have requested that in the event the Court finds "Defendants should have attached the [B]ills of [L]ading" to the Counterclaim, the Court allow Defendants leave to replead. Dkt. No. 12 at p. 9. Plaintiff opposes Defendants' request for leave to amend their Counterclaim to identify the relevant Bills of Lading claiming that any amendment would be futile because, as argued by Plaintiff in its motion to dismiss, "any cognizable claim is barred by the applicable one-year statute of limitation contained in COGSA" and the relevant Bills of Lading. Dkt. No. 14 at p. 16. Thus, the Court will now turn to the question of whether Defendants' Counterclaim is barred by COGSA's one-year statute of limitations.

In opposition to Plaintiff's argument that the Counterclaim is time barred, Defendants argue that COGSA's one-year statute of limitations does not bar their Counterclaim because the goods at issue were delivered to India, which was not the port of final destination, and that even if the Court does indeed find that India was the port of final destination, the Counterclaim is still not time barred because COGSA "covers only loss and damages" and the goods at issue were neither lost nor damaged. Dkt. No. 12 at p. 4.

"The COGSA statute of limitations 'is one which extinguishes the cause of action itself, and not merely the remedy.'" *Petroleos Mexicanos Refinacion v. M/T King A*, 554 F.3d 99, 104 (3d Cir. 2009) (quoting *M.V.M., Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 F. Supp. 879, 883 (S.D.N.Y. 1957)), *rev'd on other grounds sub nom, St. Paul Fire & Marine Ins. Co. v. U.S. Lines Co.*, 258 F.2d 374 (2d Cir. 1958). COGSA provides a one-year limitations period for suits to be brought against a carrier. *Styling Plastics Co. v. Neptune Orient Lines, Ltd.*, 666 F. Supp. 1406,

1409 (N.D. Cal. 1987) ("The COGSA provision expressly grants the protection of a time limitation from suit to carriers of cargo by sea."); *Foster Wheeler Energy Corp. v. Intermarine, Inc.*, Civ. A. No. 98-5106, 1999 WL 1129630 at *3, 1999 U.S. Dist. LEXIS 18838 at *8-9 (E.D. Pa. Nov. 30, 1999) ("COGSA provides for a one year limitation period in which to bring suit.") (citing 46 U.S.C. § 30701 (Note § 3(6))). In relevant part, COGSA's one-year statute of limitations provision states:

> In any event the carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered[.]

46 U.S.C. § 30701 (Note § 3(6)); *see also Associated Metals & Mineral Corp. v. Lotila*, 845 F. Supp. 257, 261 n.7 (E.D. Pa. 1993).

Defendants contend COGSA's statute of limitations does not apply to the Counterclaim because the goods were never delivered to their port of final destination and because they were not lost or damaged. The Court is not persuaded by either argument. As to Defendants' argument that COGSA's statute of limitations does not apply because the goods were delivered to India, which was not their port of final destination, the Court notes that the Bills of Lading identify various ports in India as the port of final destination. *See* Dkt. No. 9-5, Bills of Lading. Furthermore, even accepting Defendants' contention that Pakistan was the intended port of final destination, non-delivery does not foreclose the running of COGSA's statute of limitations. *P.T. Asuransi Parolamas v. M/V Robert E. Lee*, 1989 A.M.C. 2885, 2891–92 (D.N.J. 1989) (finding a deviation "does not, and should not, affect the running of the statute of limitations when the insurer chooses to commence an action against the vessel for losses incurred as a result of damage to cargo"); *Mesocap Indus. v. Torm Lines*, 194 F.3d 1342, 1345 (11th Cir. 1999) (holding "an unreasonable course deviation does not nullify COGSA's one year statute of limitation"); *Bunge*

*Edible Oil Corp. v. M/VS' Torm Rask & Ft. Steele*, 949 F.2d 786, 788 (5th Cir. 1992) ("An unreasonable deviation does not prevent a carrier from invoking the one-year limitations period under COGSA.").

Rather, COGSA's statute of limitations would begin to run on the date Defendants' goods "should have been delivered" to Pakistan or on the date Defendants had notice their goods were discharged and stored in India. *See Rosario v. H&M Int'l Transp. Serv.*, Civ. A. No. 06-824, 2007 WL 2065828, at *4, 2007 U.S. Dist. LEXIS 50825, at *13 (D.N.J. July 12, 2007) (finding COGSA's "one-year statute of limitations began to run on the date when [the plaintiff's] shipment 'should have been delivered' to its employees in the Dominican Republic"); *Russul Corp. v. Zim Am. Integrated Shipping Servs. Co.*, Civ. A. No. 06-37, 2009 WL 3247141, 2009 U.S. Dist. LEXIS 91098 (S.D.N. Y Oct. 5, 2009) (applying COGSA's one-year statute of limitations when goods were never delivered to their port of final destination, but the plaintiff had notice its cargo had been seized).

Thus, accepting as true Defendants' allegation that Pakistan was the intended port of final destination, COGSA's one-year statute of limitations would accrue, at the latest, when notice was provided upon effective delivery. *Newmann v. Mediterranean Shipping Co.*, Civ. A. No. 18-10518, 2019 WL 4805864 at *2, 2019 U.S. Dist. LEXIS 169571 at *5 (S.D.N.Y. Sep. 30, 2019) ("[E]ffective delivery occurs—and thus, the statute of limitations begins to run—when the goods are discharged from the vessel and notice of the discharge and a reasonable opportunity for the inspection or removal of the goods is provided." (citation and quotation marks omitted)).

The Court is similarly unpersuaded by Defendants' argument that COGSA's statute of limitations only applies when goods are lost or damaged. COGSA's one-year proscriptive period applies in suits for improper delivery of goods. *See Timco Eng'g, Inc. v. Rex & Co.*, 603 F. Supp.

925, 929 (E.D. Pa. 1985) (holding COGSA's one-year statute of limitations applies in action for mis-delivery); *Morse Electro Prods. Corp., v. S.S. Great Peace*, 437 F. Supp. 474 (D.N.J. 1977); *see also Barretto Peat, Inc.*, 896 F.2d at 660–61 ("A carrier's failure to collect the bill of lading in exchange for the goods is an improper delivery or mis-delivery which constitutes a breach of the carriage contract subject to the COGSA one-year statute of limitations."); *Hellyer v. Nippon Yesen Kaisya*, 130 F. Supp. 209, 211 (S.D.N.Y. 1955) (finding "the authorities, prior to the passage of the Carriage of Goods by Sea Act, were in accord that non-delivery or mis-delivery did not abrogate the time limitation terms of the contract of carriage") (citing *Bank of Cal., N.A. v. Int'l Mercantile Marine Co.*, 64 F.2d 97 (2nd Cir. 1933)); *Int'l Paper Co. v. Malaysia Overseas Lines, Ltd.*, 1976 A.M.C. 143, 145 (S.D.N.Y. 1985) ("It is well established that mis-delivery of marine cargo does not deprive a carrier of the benefit of the bill of lading's provisions, including a time for suit limitation."); *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir. 1971); *David Crystal, Inc. v. Cunard S.S. Co.*, 339 F.2d 295 (2d Cir. 1964), *cert. denied*, 380 U.S. 976, 85 S.Ct. 1340, 14 L.Ed.2d 271 (1965). Accordingly, the Court finds that the Counterclaim is governed by COGSA's one-year statute of limitations.

Having found that COGSA's one-year statute of limitations applies to the Counterclaim, the Court now turns to Plaintiff's contention that the Counterclaim is time-barred. According to Plaintiff, because the Counterclaim is governed by COGSA, and Defendants failed to assert their Counterclaim within one year of the date Defendants' goods were or should have been delivered, Defendants have failed to state a claim. In response, Defendants argue that if COGSA's statute of limitations does indeed apply to the Counterclaim, Plaintiff has failed to provide the accrual dates with which to assess whether the limitations period has run. On this point, the Court agrees with Defendants.

"Under COGSA, a shipper has one year from the date of delivery, or expected delivery, to file suit against the carrier for loss or damage to the goods[.]" *Rosario*, 2007 WL 2065828, at *4, 2007 U.S. Dist. LEXIS 50825, at *11 (citing 46 § 30701 (Note § 3(6))); *Petroleos Mexicanos Refinacion*, 554 F.3d at 104; *Barretto Peat, Inc.,* 896 F.2d at 660; *Dimond Rigging Co., LLC v. BDP Int'l, Inc.*, 914 F.3d 435, 441 (6th Cir. 2019). "The COGSA statute of limitations begins to run upon delivery of the transported goods at their destination." *PPG Indus., Inc. v. Ashland Oil Co.-Thomas Petroleum Transit Div.*, 527 F.2d 502, 504 n.7 (3d Cir. 1975) (citing 46 § 30701 (Note § 3(6)).

Plaintiff contends that Defendants' Counterclaim is time-barred because "all shipments were made prior to April 15, 2020" and "Defendant[s] failed to commence an action in the form of the Counterclaim until April 15, 2021, in excess of the one year COGSA time bar." Dkt. No. 9-1 at p. 7-8. However, while Plaintiff claims that "all shipments were made prior to April 15, 2020," and provides the Bills of Lading which indicate the dates upon which the shipments departed from the United States, Plaintiff has failed to provide any statement or documentation indicating the dates the shipments arrived at their ports of final destination. *Id.* at p. 8. Without any information regarding the dates of delivery, the Court cannot determine whether Defendants' Counterclaim was filed in excess of one year after the date the goods were or should have been delivered and thus barred by COGSA's one-year statute of limitations.

Based on the foregoing, the Court finds that Defendants' Counterclaim fails to state a claim under COGSA because it fails to reference the relevant bills of lading. The Court, however, having found that Defendants' Counterclaim is not time-barred under COGSA, finds that an amendment to include the relevant bills of lading would not be futile. Accordingly, Defendants' request for

leave to amend their Counterclaim to include the relevant Bills of Lading is **GRANTED** and

Plaintiff's motion to dismiss is **DENIED**.

## IV.   CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for

the reasons set forth above;

**IT IS** on this 4th day of October, 2022,

**ORDERED** that Defendants' request for leave to amend their Counterclaim [Dkt. No. 12]

is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion to dismiss Defendants' Counterclaim [Dkt. No. 9] is

**DENIED**; and it is further

**ORDERED** that Defendants shall file their Amended Counterclaim within fourteen (14)

days.

_s/ James B. Clark, III_____
**JAMES B. CLARK, III**
**United States Magistrate Judge**

13